# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JOSEPH RYAN SEYMOUR,

    Plaintiff,

v.

LT. FNU DICKSON,

    Defendant.

CIVIL ACTION NO.: 6:17-cv-98

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is incarcerated at Rogers State Prison in Reidsville, Georgia, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff also filed a Motion to Proceed *in Forma Pauperis.* (Doc. 2.) This Court deferred ruling on Plaintiff's Motion to Proceed *in Forma Pauperis* by Order dated August 2, 2017. (Doc. 4.)

For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, (doc. 2), and **DISMISSES as moot** his Motion for Appointment of Counsel, (doc. 6). For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DIRECT** the Clerk of Court to **CLOSE** this case based on Plaintiff's failure to follow this Court's Order. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## **BACKGROUND**

Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff asserted Defendant Dickson accused him of being in a fight. Plaintiff stated he was taken to medical and photographed, which revealed he had not been in a fight, yet he was taken to the

Special Housing Unit ("SHU") while this alleged incident was investigated under Defendant Dickson's authority. (Doc. 1, p. 2.) Plaintiff contended he was not issued a disciplinary report and received no hearing, and he was placed in the SHU without due process.

Plaintiff also contended there are no panic buttons or sprinklers in the cells in the SHU. Plaintiff stated the food is served cold, is "frequently infested," and is served through the same slot as dirty brooms and mops are when they are passed through the cells. (Id.) Plaintiff maintained the inmates in the SHU are not given any cleaning supplies for the toilets, the rooms are infested with roaches, mice, spiders, mosquitoes, and gnats, and black mold is growing inside the vents. Plaintiff averred he has no access to a law library, is frequently denied outdoor recreation, and was denied toothpaste and deodorant for weeks. Plaintiff's Amended Complaint largely echoes his original Complaint. (Doc. 5.)

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal for Failure to Follow this Court's Orders

In its August 2, 2017, Order, the Court deferred the requisite frivolity review of Plaintiff's Complaint. The Court directed Plaintiff to amend his Complaint using the Court's preferred complaint form. (Doc. 4, p. 4.) The Court advised Plaintiff his claims were not related to each other and that he must set forth allegations in his Amended Complaint indicating that his constitutional rights had been violated and by whom those rights had been violated. (Id.) In this regard, the Court provided Plaintiff with specific instructions as to how he should amend his Complaint. (Id. at p. 5.) Plaintiff was cautioned that his failure to file an appropriate Amended Complaint "could result in the dismissal of his cause of action for failure to follow this Court's Order." (Id. (emphasis in original).)

While Plaintiff filed an Amended Complaint, he did not comply with this Court's Order to file an appropriate Amended Complaint. Instead, Plaintiff's Amended Complaint suffers from the same shortcomings as his original Complaint. Plaintiff fails to set forth related claims, and he fails to name any person or persons who are allegedly responsible for the violations of his constitutional rights. (Doc. 5.)

4

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are

afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff did not comply with this Court's Order to file an appropriate Amended Complaint, despite this Court's directive to do so and the Court's warning that the failure to file an appropriate Amended Complaint could result in the dismissal of this action. Instead, Plaintiff filed an Amended Complaint that contains allegations which are unrelated to each other, and he failed to advise the Court as to the person or persons who allegedly violated his constitutional rights. Thus, Plaintiff did not comply with this Court's Orders.

Consequently, the Court should **DISMISS without prejudice** Plaintiff's Complaint for Plaintiff's failure to follow this Court's Order. See Brown, 205 F. App'x at 802 (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and **DISMISSES as moot** his Motion for Appointment of Counsel. (Docs. 2, 6.) I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and

---

[1] A certificate of appealability is not required in this Section 1983 action.

**DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA